O

# United States District Court
# Central District of California

NEHEMIAH KONG,

               Plaintiff,

     v.

IMAGE OF BEVERLY HILLS, LLC, a California Limited Liability Company; and Does 1–10,

               Defendants.

Case №. 2:20-cv-02175-ODW (MRWx)

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [20]**

## I.  INTRODUCTION

Plaintiff Nehemiah Kong ("Kong") moves for entry of default judgment against Defendant Image of Beverly Hills, LLC ("Image") for violations of Title III of the Americans with Disability Act ("ADA").  (*See* Mot. for Default J. ("Mot."), ECF No. 20.)  For the reasons discussed below, the Court **DENIES** Kong's Motion for Default Judgment ("Motion").[1]

## II.  BACKGROUND

Kong is a paraplegic who uses a wheelchair for mobility; he has a specially equipped van with a ramp.  (Compl. ¶ 1, ECF No. 1.)  Kong alleges that Image owns

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

the real property located at or about 10930 Long Beach Blvd., Lynwood, California. (*Id.* ¶¶ 2–3.) He alleges that, in February 2020, he went to a shopping center ("Shopping Center") where wheelchair accessible parking was not provided.   (*Id.* ¶¶ 8, 10.) Specifically, Kong contends that the van accessible parking stall and access aisle were not level with each other because of a built-up curb ramp, the paint striping had faded beyond recognition, and the parking spaces lacked a "NO PARKING" warning, paint striping, or any other indicia of accessible parking other than a faded International Symbol of Accessibility logo. (Mot. 1.) Kong asserts that he is deterred from returning to the Shopping Center because of the existing barriers and will return when the Shopping Center has been brought into compliance with the ADA. (Compl. ¶ 18.)

On March 6, 2020, Kong filed this action against Image asserting two causes of action arising from his visit to the Shopping Center: (1) violation of the ADA; and (2) violation of the Unruh Civil Rights Act ("Unruh"). (Compl. ¶¶ 20–30.) The Court declined to exercise supplemental jurisdiction over Kong's Unruh state law claim; thus, that claim was dismissed without prejudice. (Min. Order 10, ECF No. 12.)

On May 27, 2020, Kong served Image with the Summons and Complaint. (Proof of Service, ECF No. 13.) Image did not file a response to the Complaint; thus, Kong requested the Clerk to enter default. (Req. for Clerk to Enter Default, ECF No. 16.) On July 6, 2020, the Clerk entered default against Image. (Default by Clerk, ECF No. 17.) Kong now moves for default judgment. (*See* Mot.) Kong seeks an order directing Image to provide wheelchair accessible parking spaces at the Shopping Center and awarding attorneys' fees and costs of $4,910.00. (*See* Mot. 7, 10–18; Decl. of Russell Handy ¶ 2, ECF No. 20-5; Billing Summ. 1, ECF No. 20-4.)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment after the Clerk enters default under 55(a). Fed. R. Civ. P. 55(b). Before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rule 54(c) and 55, as well as Local Rule 55-1.

Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1.  Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2).  C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to grant a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).   In exercising its discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [Rules] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).  Generally, upon entry of default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).   In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  A defendant does not admit facts that are not well-pleaded or conclusions of law.  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007)

(quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

## IV.   DISCUSSION

Kong satisfies the procedural requirements but fails to state a claim under the ADA.  Accordingly, default judgment is not appropriate.

### A.   Procedural Requirements

Kong has satisfied the procedural requirements for an entry of default judgment. Kong asserts that: (1) the Clerk entered default against Image on July 6, 2020; (2) default was entered based on Kong's March 2020 Complaint; (3) Image is neither an infant nor incompetent; (4) Image is not covered under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931; and (5) Kong served Image with notice of this Motion on August 6, 2020.  (Mot. 1–2; Decl. of Faythe Gutierrez ¶¶ 2, 5–6, ECF No. 20-13.) Accordingly, Kong has satisfied the procedural requirements of Rules 54(c) and 55, as well as Local Rule 55-1.

### B.   *Eitel* Factors

The second and third *Eitel* factors are dispositive, so the Court begins with them. These two factors address the merits of the claims and the sufficiency of the complaint, requiring that plaintiffs "state a claim on which [they] may recover."  *Danning*, 572 F.2d at 1388; *see also PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.  "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."  *Danning*, 572 F.2d at 1388.

Kong asserts a claim for violation of the ADA.  (*See* Compl. ¶¶ 20–26.)  To prevail on this claim, Kong must show that (1) "he is disabled within the meaning of the ADA"; (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation"; (3) "the plaintiff was denied public accommodations by the defendant because of his disability"; (4) "the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA";

and (5) removing the barrier is "readily achievable." *Vogel*, 992 F. Supp. 2d at 1007–08 (brackets omitted) (first quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); and then quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)). Architectural barriers are defined by reference to the ADA Accessibility Guidelines (the "ADAAG"). *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The ADAAG requires a place of public accommodation that provides parking to provide accessible parking spaces. 2010 ADAAG §§ 208, 502.

Here, Kong's allegations fail to satisfy the second, third, and fourth requirement. Kong alleges that Image "owns the real property located at or about 10930 Long Beach Blvd, Lynwood California." (Compl. ¶¶ 2–3.) He also alleges he went to the Shopping Center in February 2020 and "the defendants failed to provide wheelchair accessible parking in conformance with the ADA." (*Id.* ¶¶ 10, 23.) These allegations are insufficient to establish that Image owns, leases, or operates the Shopping Center or that the Shopping Center is located on real property that Image owns. This deficiency alone defeats Kong's claim. *See Langer v. Hanafin*, No. 15-CV-2950 BEN (NLS), 2016 WL 5367712, at *2 (S.D. Cal. Sept. 26, 2016) (finding that plaintiff "fail[ed] to state a claim because there [were] no allegations connecting the [d]efendants to the allegedly deficient parking lot.").

Additionally, although the Complaint repeatedly refers to "barriers," Kong fails to identify them. (*See e.g.*, Compl. ¶¶ 12, 15, 17.) Kong states in conclusory fashion, "defendants failed to provide wheelchair accessible parking," but he alleges no facts to support that conclusion or indicate how parking at the Shopping Center was not ADA-compliant. (Compl. ¶ 10.) Although Kong's Motion and supporting declarations contain assertions that the parking paint striping had faded and the access aisle was not level (*see* Decl. of Nehemiah Kong ¶¶ 6–7, ECF No. 20-6), these assertions do not appear in the Complaint. "[I]n the context of a default, the court considers only the allegations in the complaint to support [the merits of the claims], and considers outside

declarations and other evidence solely with respect to damages." *Johnson v. RK Inv. Props., Inc.*, No. 18-CV-01132-KAW, 2019 WL 1575206, at *4 (N.D. Cal. Mar. 18, 2019), *report and recommendation adopted*, No. 18-CV-01132-YGR, 2019 WL 1571071 (N.D. Cal. Apr. 11, 2019).  In any event, Kong also does not allege that the Shopping Center provides parking to its customers such that the lack of accessible parking would constitute an architectural barrier under the ADA.  *See* 2010 ADAAG § 208 ("Where parking spaces are provided, parking spaces shall be provided in accordance with 208.").

Accepting the well-pleaded factual allegations in the Complaint as true, Kong fails to state a claim under the ADA.  Thus, the second and third *Eitel* Factors alone demonstrate default judgment is improper and the Court does not assess the remaining factors.  *Brooke v. Sunstone Von Karman, LLC*, No. 8:19-CV-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25, 2020).  However, leave to amend is appropriate because Kong's failure to state a claim is based on insufficient allegations.  *Id.*

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Kong's Motion for Default Judgment without prejudice.  (ECF No. 20.)  The Court accordingly denies Kong's request for attorneys' fees.  The default previously entered against Image is hereby **VACATED**.  (ECF No. 17.)  If Kong chooses to amend his Complaint to address the deficiencies identified herein, any amended complaint must be filed and served within twenty-one (21) days of the date of this Order.  Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

November 13, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**